FILED

01 DEC 28 AM 10: 31

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MICHAEL ROSS HIRSH, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JULIE ANN BLOOM, )<br>Defendant. )<br>Serve at: )<br>1765 Prairie View Ln. )<br>Oviedo, FL  32765 )<br>) | CIVIL ACTION FILE<br>#6:01CV1519-Or-1-28 KRS<br><br>COMPLAINT<br>(JURY TRIAL DEMANDED) |

Comes now Plaintiff, Michael Ross Hirsh, by and through counsel and offers this Complaint and respectfully shows as follows:

## NATURE OF ACTION

1. This is a suit to recover damages arising out of injuries suffered by Plaintiff as a direct and proximate result of the negligence of Defendant.

## JURISDICTION and VENUE

2. This Court has jurisdiction under 28 U.S.C. §1332, as there is complete diversity of citizenship between the Plaintiff and the defendants and the damages exceed $75,000, exclusive of interest and costs.



3. Venue is proper in this District and Division, as the cause of action arose herein and Defendant is domiciled herein.

**PARTIES**

4. Plaintiff Michael Ross Hirsh is an adult who at all times relevant to this lawsuit resides at 812 Commons Court, Woodstock (Atlanta), Georgia.

5. Defendant Julie Ann Bloom is an adult who at all times relevant to this lawsuit resides at 1765 Prairie View Lane, Oviedo, Florida.

**CAUSE OF ACTION - NEGLIGENCE**

6. On the evening of December 31, 1999 the parties to this lawsuit attended a New Year's Eve celebration in Lake City, Columbia County, Florida.

7. Several other adults and children were present at this celebration.

8. The celebration was held at a five-acre home site in a rural location.

9. Among other things, Defendant brought fireworks to the celebration.

10. Defendant brought what are commonly referred to as bottle-rockets, a relatively small projectile designed to be launched from a tube secured to the ground.

Once ignited, the bottle-rocket ascends leaving a trail of sparks and culminates in a small explosion - and corresponding flash.

11. Defendant was lighting these bottle-rockets at the celebration.

12. "It is unlawful for any person [to] use or explode any fireworks . . . ." F.S.A. §791.02.

13. Rather than igniting these bottle-rockets from a secured tube, Defendant would hold each bottle-rocket in one hand, light it with a match or lighter in the other hand, wait for most of the fuse to burn, and then throw the projectile into the air.

14. This method of launching the bottle-rockets replaced the predictable arc the bottle rocket was designed to take with the unknowable trajectory that was determined by the bottle-rocket's orientation at the exact moment that the fuse ignited the main fuel supply for the projectile.

15. Defendant launched not one, but several bottle-rockets in this manner.

16. Plaintiff was approximately 200 to 300 away from Defendant.

17. Plaintiff was engaged in conversation with others at the same New Year's Eve celebration.

18. Plaintiff had his back to the area where Defendant was launching bottle-rockets from her hand.

19. Plaintiff heard a loud scream behind him, coming from the area where Defendant was launching bottle-rockets from her hand. It turned out that this scream was in fact a peel of laughter coming from Defendant as a newly thrown bottle-rocket ignited.

20. Plaintiff heard Defendant's laughter and turned in that direction.

21. At that precise moment, the bottle-rocket thrown into the air by Defendant headed toward Plaintiff.

22. Plaintiff turned around and was immediately struck in his left eye by the bottle-rocket.

23. The force of the bottle-rocket was so severe that it cut Plaintiff's eyelid, knocked him to the ground, and caused an immediate loss of vision in the injured eye.

24. Plaintiff lay on the ground for several minutes in extreme pain.

25. Once Plaintiff was able to get up and go inside, he observed (with his undamaged eye) that his eyelid was

cut and bleeding, the area around his eye was bruised and becoming increasingly swollen.

26. Plaintiff was unable to see out of his injured eye.

27. Plaintiff was transported to the emergency room by one of the other attendees at the celebration.

28. The emergency room physician determined that the immediate reason for the loss of vision was that the interior of the eyeball had been damaged and was filled with blood.

29. Because of this situation, the emergency room physician was unable to conduct a thorough examination of the retina and advised Plaintiff to seek immediate medical attention from a retina specialist as soon as he returned home.

30. Plaintiff followed this medical advice.

31. Since that time, Plaintiff has been under the care of a medical doctor who specializes in diagnosing and treating injuries to the retina.

32. While the vision in Plaintiff's left eye has mostly cleared, the force of the trauma caused a "crease" in his retina, putting him at increased risk for a detached retina.

33. If not immediately treated with surgery, retinal detachment results in permanent and irreversible blindness.

34. Plaintiff continues to experience various levels of pain and discomfort in his left eye as a direct result of the injury suffered at the celebration on December 31, 1999.

35. Defendant had a duty to act in a reasonably prudent manner when lighting fireworks. That duty includes, but is not limited to, using the pyrotechnics in the proper manner, being aware of her surroundings, and being aware of others.

36. Defendant breached her duty to act in a reasonable and prudent manner.

37. As a direct and proximate result of Defendant's breach, Plaintiff was hit in the eye with a bottle-rocket.

38. Plaintiff was neither contributory nor comparatively negligent in this injury.

39. As a direct and proximate result of Defendant's actions Plaintiff has suffered physical injury, monetary loss, and ongoing pain and suffering.

## PRAYER FOR RELIEF AND JURY DEMAND

**WHEREFORE, PLAINTIFF** respectfully requests that this Court grant the following relief:

    a.    Trial by jury on all issues so triable;

    b.    Compensatory damages in an amount to exceed $75,000, the exact amount to be determined at trial;

    c.    All costs and attorney's fees incurred in bringing this action; and,

    d.    Any other relief to which Plaintiff may be entitled.

Dated this 26th day of December, 2001.

Respectfully submitted,

By: _____
Christopher F. Sapp
Florida Bar Number 0097823
Post Office Box 1012
Lehigh Acres, Florida 33970
Telephone: (941) 368-3922

Lionel J. Postic (pro hac vice to be filed)
Florida Bar Number 0416339
POSTIC & BABB, PC
707 Whitlock Avenue, Suite D-31
Marietta, Georgia 30064
Telephone: (770) 795-9003

Attorneys for Plaintiff

7